Filed 9/7/23  P. v. Cortez CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080455 |
| v. | (Super.Ct.No. FWV17004818) |
| ZOE RENE CORTEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Knish, Judge.  Reversed and remanded with directions.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Alan L. Amann and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Defendant and appellant Zoe Rene Cortez appeals from the trial court's order denying her petition to vacate her attempted murder conviction and for resentencing under Penal Code[1] section 1172.6 (formerly section 1170.95).[2] On appeal, defendant argues the trial court erred in summarily denying her petition because it engaged in impermissible factfinding at the prima facie stage of review by relying on the preliminary hearing transcript and concluding she directly aided and abetted the commission of the attempted murder. Defendant further contends she was denied effective assistance of counsel in all matters related to her petition for resentencing. The People agree the court impermissibly engaged in factfinding at the prima facie stage, as do we.[3] We thus reverse the order and remand the matter to the trial court with directions to issue an order to show cause and hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).

---

[1] All future statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) We cite to section 1172.6 for ease of reference unless otherwise indicated.

[3] Because we agree with the parties that the trial court erred in impermissibly engaging in factfinding at the prima facie stage, we need not address defendant's claim her counsel was effective in matters related to her resentencing petition.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[4]

C.R. and defendant have a son together. At the time of the offense, their son was about a year old. On the morning of December 16, 2017, C.R. and defendant agreed to meet at a park. At the park, defendant and C.R. argued, and defendant wrongfully accused C.R. of having a knife. C.R. left the park and defendant began following him. C.R. went to a restaurant area and contacted the sheriff's department. C.R. eventually returned to his apartment where other members of his family, including his sister, also lived.

C.R. spoke with defendant again later that afternoon. Defendant asked C.R. to meet her at a McDonald's and told him not to bring their son. When C.R. declined the invitation, defendant told him that she was outside of his apartment complex. C.R. hung up the phone, but she called him back. C.R. answered his phone and heard a male voice on the line say, "he got something for me [C.R.]" and "we're gonna catch hands." C.R. took these statements to mean that the person was going to fight him. C.R. was outside at the time, near the parking lot of his apartment complex. C.R. hung up again and saw defendant's car. Defendant was driving and codefendant Manuel Rojas was in the passenger seat. C.R. saw the passenger's door open and watched Rojas fire two shots at him from a handgun. C.R. fled, and Rojas ran after him and shot at C.R. two more times.

---

[4] The factual background is taken from the preliminary hearing transcript.

3

Meanwhile, defendant drove her car at a high rate of speed to the area where C.R.'s car was parked. By this time, C.R.'s sister had arrived in the area. C.R.'s sister ran toward the commotion and got into a physical fight with defendant. Rojas pointed the gun at defendant's sister and did not fire it, but instead hit her in the face with the gun. C.R. then jumped up from a bush he had been hiding behind. Rojas pointed the gun at C.R. again, fired, and hit C.R. in the arm. The bullet entered C.R.'s arm and traveled to his torso, causing him to have a collapsed lung and requiring him to have multiple surgeries.

C.R.'s sister tackled Rojas, and at some point, the gun was on the ground. Defendant picked up the gun, held it next to her leg, and looked at C.R. When C.R. asked her whether she just tried to get him killed, defendant shrugged her shoulders and slowly walked away from C.R. and toward her car. Defendant made no threatening moves with the gun and made no threatening statements during the incident.

In a first amended information filed June 3, 2019, defendant was charged with two counts of attempted willful, deliberate, premeditated murder (§ 664/187, subd. (a), counts 6 & 7), and two counts of assault with a firearm (§ 245, subd. (a)(2), counts 8 & 9). As to counts 6 and 7, the first amended information further alleged that a principal was armed with a firearm (§ 12022, subd. (a)(1).) Codefendant Rojas was charged with the same offenses in different counts, along with personal firearm use (§§ 12022.53, subds. (b), (c) & (d), 12022.5, subd. (a)) and great bodily injury enhancements (§ 12022.7, subd. (a)).

4

On December 9, 2019, pursuant to a negotiated plea agreement, defendant pled guilty to attempted murder (§§ 664/187, subd. (a)).[5]  In return, the remaining charges were dismissed, and defendant was sentenced to nine years in state prison.  The trial court used the preliminary hearing transcript for a factual basis for the plea, and the parties stipulated that the preliminary hearing provided a factual basis for the plea.

On June 8, 2022, defendant filed a petition for resentencing pursuant to section 1172.6.

After appointing counsel and receiving briefing from the parties, the trial court held a hearing on December 13, 2022.  The court summarily denied the petition, finding there was direct aiding and abetting.  Defendant timely appealed.

III.

DISCUSSION

Defendant contends the trial court erred in summarily denying her petition because it engaged in impermissible factfinding at the prima facie stage by relying on the preliminary hearing transcript and concluding she directly aided and abetted the attempted murder.  The People agree the trial court impermissibly engaged in factfinding, even if the court could properly rely on the preliminary hearing transcript to determine a

---

[5]  On the same day, codefendant Rojas pled guilty to attempted murder of C.R. without premeditation (count 1) and admitted the section 12022.53, subdivision (c) firearm enhancement.  In return, the remaining allegations were dismissed and Rojas was sentenced to 27 years in state prison.

petitioner's eligibility.[6]  Since the record of conviction does not establish as a matter of law that defendant was a direct aider and abettor and thus ineligible for relief, we agree with the parties.

A.  *Legal Background*

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Gentile* (2020) 10 Cal.5th 830, 846-847 (*Gentile*); see Stats. 2018, ch. 1015, § 1, subd. (f).)  The Legislature accomplished this by amending sections 188 and 189.

Section 188, which defines malice, now provides in part:  "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

---

[6] As the People point out, there is a split of authority as to whether the trial court may consider the preliminary hearing transcript in cases resolved by plea, when the defendant stipulated that the transcript is the factual basis for the plea. (See *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1161 [court may consider information contained in the preliminary hearing transcript when in it is the stipulated as the factual basis for the plea]; contrast *People v. Flores* (2022) 76 Cal.App.5th 974, 991 [information in the preliminary hearing transcript may not be used to find a petitioner is ineligible for relief as a matter of law].)  Because we conclude that the court erred by engaging in factfinding at the prima facie stage, we need not and do not reach the question of whether the preliminary hearing transcript may be reviewed in deciding whether a resentencing petition states a prima facie claim for relief.

Section 189, subdivision (e), now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2." (Stats. 2018, ch. 1015, § 3.)

Effective January 1, 2022, Senate Bill No. 775 expanded eligibility for relief to include individuals convicted of "attempted murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2; Legis. Counsel's Dig., Sen. Bill No. 775 (2020-2021 Reg. Sess.).) But it did not expand eligibility for relief pursuant to section 1172.6 to one who directly aids and abets another who commits murder or attempted murder.

Senate Bill No. 1437 also created a procedure for offenders previously convicted of felony murder or murder under the natural and probable consequences doctrine to seek retroactive relief if they could no longer be convicted of murder under the new law. (§ 1172.6, subd. (a); *Gentile*, *supra*, 10 Cal.5th at p. 843; *People v. Lewis* (2021) 11

7

Cal.5th 952, 959 (*Lewis*); *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . [s]ection 188 or 189 made effective January 1, 2019 . . . .'" (*Strong*, at p. 708, fn. omitted.) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Ibid.*)

In *Lewis*, *supra*, 11 Cal.5th 952, our Supreme Court explained the trial court's role in deciding a section 1172.6 petition: Petitioners who request counsel "are entitled to the appointment of counsel upon the filing of a facially sufficient petition . . . ." (*Lewis*, at p. 957.)[7] "[O]nly after the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.'" (*Ibid.*, italics omitted; see *id.* at p. 966 ["a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes [its] prima facie determination"].) The court's "prima facie inquiry . . . is limited. . . . '"[T]he court takes petitioner's factual

---

[7] In Senate Bill No. 775, the Legislature amended the language of section 1172.6, codifying *Lewis*, *supra*, 11 Cal.5th 952, expanding the scope of the petitioning process and clarifying some of the procedural requirements. (Stats. 2021, ch. 551, § 2.)

allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause.'"  [Citation.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'"  (*Id*. at p. 971.)  Importantly, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'"  (*Id*. at p. 972.)

If a petitioner has made a prima facie showing of entitlement to relief, "'the court shall issue an order to show cause.'"  (*Strong*, *supra*, 13 Cal.5th at p. 708.)  Once the court determines that a defendant has made a prima facie showing, it "must [then] hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill [No.] 1437.  [Citation.]  'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.'  [Citation.]  'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.'"  (*Strong*, at p. 709; accord, *Lewis*, *supra*, 11 Cal.5th at p. 960.)  "Senate Bill [No.] 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or

'was a major participant in the underlying felony and acted with reckless indifference to human life . . . .'" (*Strong*, at p. 710.)

B. *Standard of Review*

In this case, the trial court denied defendant's petition at the prima facie stage under section 1172.6, subdivision (c). A denial at this stage is appropriate only if the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 960.) This is a purely legal conclusion, which we review de novo. (See *id*. at p. 961.)

C. *Analysis*

We agree with the parties that defendant's petition presented a prima facie showing of relief, and nothing in the record established as a matter of law that she was ineligible for relief as a matter of law under section 1172.6. (*Lewis*, *supra*, 11 Cal.5th at p. 970.) As the California Supreme Court has made clear, "the prima facie inquiry under [former section 1170.95,] subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a

credibility determination adverse to the petitioner.'" [Citations.]" (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

Nothing in the record establishes as a matter of law that defendant was ineligible for relief. The trial court's finding that defendant was a direct aider and abettor rests on the type of factfinding in which the trial court may not engage at the prima facie stage.

## IV.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition for resentencing is reversed and the matter is remanded with directions. On remand, the trial court shall issue an order to show cause under section 1172.6, subdivision (c), and hold a hearing pursuant to section 1172.6, subdivision (d)(3).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

11